# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6469 | **DATE** | 10/8/2003 |
| **CASE TITLE** | Golden Voice Technology v. Foley & Lardner | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] REPORT AND RECOMMENDATION is hereby submitted to Judge Guzman recommending that the District Court GRANT petitioner's petition to enforce subpoenas [1-1] and order defendants to produce the documents requested in the subpoenas. We recommend that defendants produce billing invoices and agreements that include the names of the attorneys or paralegals rendering billed legal services, their billing rates, the billed time and the total fees billed, but which are redacted to exclude descriptions of legal services or legal advice provided to clients. These documents should be produced to Golden Voice by 10/17/03. Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995). All matters relating to the referral of this case having been resolved, the referral is closed and the case is returned to the assigned judge.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | **4** | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 0 9 2003 | |
| | Notified counsel by telephone. | U.S. DISTRICT COURT | date docketed | 9 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 10/8/2003 | |
| KF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | KF mailing deputy initials | |

# ORDER

Plaintiff, Golden Voice Technology & Training, LLC ("Golden Voice"), filed a petition to enforce subpoenas against defendants Foley & Lardner and Welsh & Katz. The District Court referred this motion to us for a report and recommendation. For the following reasons we recommend that the District Court GRANT the motion and order defendants to produce the documents requested in the subpoenas. We recommend that defendants produce billing invoices and agreements that include the names of the attorneys or paralegals rendering billed legal services, their billing rates, the billed time and the total fees billed, but which are redacted to exclude descriptions of legal services or legal advice provided to clients. These documents should be produced to Golden Voice by 10/17/03.

Defendants are correct that Seventh Circuit law governs this motion because the law of the jurisdiction in which the subpoenas were issued governs a motion to enforce the subpoenas. *See Urban Outfitters, Inc. v. DPIC Companies, Inc.*, 203 F.R.D. 376, 379 (N.D. Ill. 2001). However, plaintiff is correct that Eleventh Circuit law governs the motion for fees. *See Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1575 (11th Cir. 1985). After reviewing all of the case law cited by both sides we find that defendants' billing invoices and agreements are relevant to the motion for fees currently pending in Florida and are thus discoverable. Billing invoices and agreements are discoverable in a contested motion for fees. *See Bethishou v. Levy*, 1989 WL 122435 (N.D. Ill. Oct. 10, 1989). Whether the Florida District Court decides to use that information in its fee calculation is left to its sound discretion. We will not limit the scope of evidence available to the Florida District Court. We will provide it with all relevant and discoverable information and then it can decide what evidence to use in formulating the final fee calculation.

Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).