Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6469 | **DATE** | 12/11/2003 |
| **CASE TITLE** | GOLDEN VOICE TECHNOLOGY & TRAINING vs. FOLEY & LARDNER and WELSH & KATZ | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court adopts in full Magistrate Judge Michael T. Mason's Report and Recommendation granting Golden Voice Technology & Training, LLC's petition to enforce subpoenas against Foley & Lardner and Welsh & Katz, Ltd. This case is hereby terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 1 2 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | AW | 12 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | 03 DEC 11 PM 8:25 FILED-ED | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GOLDEN VOICE TECHNOLOGY & TRAINING, LLC, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Judge Ronald A. Guzmán |
| FOLEY & LARDNER and WELSH & KATZ, LTD., | ) ) ) ) | 03 C 6469 |
| Respondents. | ) | |

DOCKETED DEC 12 2003

## MEMORANDUM OPINION AND ORDER

Before the Court are the objections of Foley & Lardner and Welsh & Katz, Ltd. to Magistrate Judge Michael T. Mason's Report and Recommendation, which grants Golden Voice Technology & Training, LLC's petition to enforce subpoenas. The subpoenas require Foley & Lardner and Welsh & Katz, Ltd. to produce legal bills from their representation of defendants Rockwell FirstPoint Contact Corporation and Conexant Systems, Inc. in a patent infringement suit in the United States District Court for the Middle District of Florida. For the reasons set forth below, the Report and Recommendation is adopted in full.

## BACKGROUND

This proceeding is related to a patent infringement action in the United States District Court for the Middle District of Florida involving plaintiff Golden Voice Technology & Training ("Golden Voice") and defendants Rockwell FirstPoint Contact Corporation ("Rockwell") and Conexant Systems, Inc. ("Conexant"). Foley & Lardner

("Foley") is currently representing the defendants, and Welsh & Katz, Ltd. ("Welsh") was defendants' former counsel.

On July 2, 2003, the jury returned a verdict in favor of plaintiff Golden Voice and against defendants Rockwell and Conexant, finding direct and willful infringement. On July 31, 2003, Golden Voice moved for attorney's fees and expenses pursuant to a 1996 settlement agreement and 35 U.S.C. § 285. On August 18, 2003, Rockwell filed its opposition to the motion for fees and attacked Golden Voice's claim for fees as being exorbitant and unreasonable. In order to supplement its motion for fees pending in the Middle District of Florida, Golden Voice served subpoenas on Foley and Welsh for legal service invoices and agreements regarding attorney's fees and expenses. Due to their refusal to comply with the subpoenas, Golden Voice filed a petition on September 12, 2003 in the U.S. District Court for the Northern District of Illinois to enforce the subpoenas, pursuant to Fed. R. Civ. P. 37(a)(1), 37(a)(4)(A), and 45(c)(2)(B). On October 8, 2003, Magistrate Judge Michael T. Mason entered a Report and Recommendation granting Golden Voice's petition to enforce subpoenas against Foley and Welsh. Foley and Welsh timely filed an objection to the Report and Recommendation on October 23, 2003, arguing that it contained errors of law and fact.

## DISCUSSION

Orders which grant or deny motions to enforce subpoenas are nondispositive. *Heuser v. Johnson*, 189 F. Supp. 2d 1250, 1257 (D.N.M. 2001); *Herman v. Lipe*, No. 97-3015, 1997 WL 880759, at *1 (C.D. Ill. Nov. 13, 1997). Parties seeking to have a Magistrate Judge's decision on a nondispositive motion rejected must show that the order

was clearly erroneous or contrary to law. *Heuser*, 189 F. Supp. 2d at 1256. Accordingly, the District Court must affirm the Magistrate Judge's order "unless 'on the entire evidence [the court] is left with the definite conviction that a mistake has been committed.'" *Id.* at 1256-57 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (alteration in original).

Seventh Circuit law governs the petition to enforce subpoenas because the law of the jurisdiction in which the subpoenas were issued is controlling. *See Urban Outfitters, Inc. v. DPIC Cos. Inc.*, 203 F.R.D. 376, 379 (N.D. Ill. 2001) ("[T]he law of the state where the discovery dispute is being resolved controls."). However, Eleventh Circuit law governs the motion for attorney's fees. *See Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1575 (11th Cir. 1985).

Although the Seventh Circuit has on occasion affirmed the denial of motions to compel discovery of the opposing party's billing records, it does not expressly forbid discovery of such documents. *See Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.*, 776 F.2d 646, 659-60 (7th Cir. 1985) ("Without suggesting that the court would have erred by compelling discovery, we hold that the district court did not abuse its discretion by denying the plaintiff's motion to compel discovery of the hours worked by Sealy's attorneys.").

Similarly, while Eleventh Circuit cases often caution against attaching too much weight to the relevance of opposing counsel's billing records, they do not per se forbid their use with regard to a motion for fees. *See Johnson v. Univ. Coll. of Univ. of Ala.*, 706 F.2d 1205, 1208 (11th Cir. 1983) ("Without suggesting that it would have been error to admit such evidence, we cannot hold that the district court abused its discretion in

3

quashing the subpoena . . . ."). In fact, although the Eleventh Circuit has reasoned that the weight given to opposing counsel's billing records in determining the reasonableness of a motion for fees should be minimized, it has "acknowledged, however, that in some cases it would be proper to allow the discovery of and use of such evidence." *Henson*, 770 F.2d at 1575.

Accordingly, the Magistrate Judge's Report and Recommendation which granted the petition to enforce subpoenas was not clearly erroneous or contrary to law because discovery of billing records is permitted in the Seventh Circuit, and the Eleventh Circuit will allow, and attach limited weight to, such documents in determining the reasonableness of a motion for fees. *See Sealy Inc.*, 776 F.2d at 659-60; *Henson*, 770 F.2d at 1575. Furthermore, the relevance of opposing counsel's billing records is bolstered by the finding of the Florida court that Rockwell employed vexatious litigation tactics. *See Chrapliwy v. Uniroyal, Inc.*, 509 F. Supp. 442, 460 (N.D. Ind. 1981), *aff'd in part and rev'd in part on other grounds*, 670 F.2d 760, 770-71 (7th Cir. 1982) ("Those who elect a militant defense in the face of a statute allowing attorney's fees if they are defeated must take into account the time and effort they exact from their opponents.").

Foley and Welsh correctly assert in their objection that the case relied upon by the Magistrate Judge in the Report and Recommendation, *Bethishou v. Levy*, does not pointedly address the question before the Court. *Bethishou v. Levy*, No. 88 C 5256, 1989 WL 122435, at *1 (N.D. Ill. Oct. 10, 1989). However, Foley fails to point to any case law which provides that such an order given the facts is contrary to law, and the Court finds none.

4

Foley and Welsh further argue that briefing on the fee request in the Middle District of Florida was closed several weeks ago and that local rules forbid the filing of additional briefs. However, although petitioners cite Middle District of Florida Local Rule 3.01(b), they fail to cite any case law which conclusively supports the proposition that the production of billing records is futile. Moreover, the fee petition is still pending before the district court in Florida, and therefore Golden Voice may possibly submit the subpoenaed billing information either by a supplemental filing or at the oral argument which was requested by Rockwell.

Finally, petitioners maintain that they should not be required to provide Golden Voice with their billing rates because the reasonableness of the number of hours spent litigating is at issue rather than the reasonableness of billing rates. However, all of the information requested by the subpoena is relevant to the fee calculation in the Middle District of Florida, and thus its discovery will not be limited. Ultimately, it is up to the district court in Florida to decide which information to use for the final fee calculation, and as a result this Court will not limit the scope of relevant and discoverable information.

## CONCLUSION

For the foregoing reasons, the Court adopts in full Magistrate Judge Michael T. Mason's Report and Recommendation granting Golden Voice Technology & Training, LLC's petition to enforce subpoenas against Foley & Lardner and Welsh & Katz, Ltd. This case is hereby terminated.

**SO ORDERED**  ENTERED: 12/11/03

HON. RONALD A. GUZMAN
**United States Judge**